**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Juan Manuel HERNANDEZ–MARTINEZ, Defendant—Appellant.**

**No. 01–50520.**

**D.C. No. CR–01–00929–K.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2002.*

Decided Oct. 16, 2002.

Before PREGERSON, RYMER, and MCKEOWN, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**698**

MEMORANDUM**

Juan Manuel Hernandez–Martinez appeals his conviction for attempted reentry in violation of 8 U.S.C. § 1326(a). We affirm.

Hernandez–Martinez argues that he was wrongfully convicted because he was continuously observed by United States Border Patrol agents from the moment he unlawfully crossed the border. Under the official restraint doctrine, an alien cannot be found to have entered the United States within the meaning of 8 U.S.C. § 1326(a)(2) if he was under "constant observation" after having crossed the border. *United States v. Pacheco–Medina,* 212 F.3d 1162, 1165 (9th Cir.2000). Hernandez–Martinez, however, was not tried under a theory of his having "entered" or having been "found in" the United States. Rather, he was tried and convicted for having attempted to reenter the United States. The official restraint doctrine does not apply to the crime of attempted reentry. *See United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1191 (9th Cir.2000) (en banc) (Gracidas–Ulibarry was never free from official restraint, but nonetheless convicted of attempted reentry).

Hernandez–Martinez next argues that the government's indictment was flawed because it failed to allege specific intent. An indictment for attempted reentry must allege the existence of specific intent. *United States v. Leos–Maldonado,* 302 F.3d 1061, ——, 2002 U.S.App. LEXIS 18449 at *6 (9th Cir. 2002). Here, the government charged that Hernandez–Martinez, "with intent to do so, attempted to enter, entered, and was found in the United States, without the Attorney General ... having expressly consented to the defendant's reapplication for admission...." Hernandez–Martinez contends that the indictment should have charged that, as part of attempting to reenter the United States, he intended to violate a prior order of deportation. Violating the specific terms of a prior deportation order, however, is not listed as an element of 8 U.S.C. § 1326(a). Rather, a defendant must simply have "been denied admission, excluded, deported, or removed." *Id.* The indictment sufficiently alleged this element.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

